UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CASE NO.:   11-2207-MJD/LIB

ATS INTERNATIONAL, INC.,
a corporation,
      PLAINTIFF,

vs.

LAP DISTRIBUTION PTE LTD,
a foreign corporation,
      DEFENDANT.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ARBITRATION

Plaintiff ATS International, Inc., by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rule 7.1, District of Minnesota, hereby submits its Memorandum of Law in Support of Plaintiff's Motion to Compel Arbitration and, in support thereof, states as follows:

I.    INTRODUCTION.

Plaintiff ATS International, Inc. ("ATSI") is a Minnesota corporation with a principal place of business in St. Cloud, Minnesota. ATSI is an international shipping company specializing in the global transportation of over-dimensional, break bulk, heavy lift freight and project cargoes. Defendant LAP Distribution PTE, Ltd. ("LAP") is a foreign entity organized under the laws of Singapore with a principal place of business in Singapore.

On or about April 4, 2007, ATSI and LAP entered into a written agency agreement ("the Agreement") in which it was agreed that LAP would act as a general freight forwarding and sales agent for ATSI in Singapore, Thailand, Malaysia and Indonesia.

The Agreement provides in pertinent part:

> 16.0 JURISDICTION AND ARBITRATION
>
> Any dispute arising out of this Agreement and any Agreement ancillary hereto, shall be determined by the Courts/ and or Arbitration Board of the United States.

In the course of the performance of the Agreement, certain disputes arose between ATSI and LAP. Specifically, ATSI claims that sums in excess of $75,000.00 are due to it and also demanded that LAP cease its unauthorized use of ATSI's bills of lading and provide an accounting. As the parties were unable to settle their differences, on or about July 27, 2011, ATSI sent LAP a written demand that the controversies between the parties be submitted to arbitration in accordance with the terms of the Agreement. LAP refused to submit to arbitration.

ATSI therefore filed the instant action to compel arbitration in accordance pursuant to the Federal Arbitration Act, *9 U.S.C. § 1*, et seq. It is clear that the controversies between the parties fall within the scope of a valid arbitration clause. Accordingly, ATSI requests that this Court issue an order compelling LAP to submit to arbitration.

II. ARGUMENT.

    A. <u>The Federal Arbitration Act Requires that the Parties Agreement to Arbitrate be enforced</u>.

The Federal Arbitration Act provides:

> §4 A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court which, save for such agreement, would have jurisdiction under title 28 … for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days notice in writing of such application shall be served upon the party in default … The hearing and proceedings, under such agreement shall be within the district in which the petition for an order directing such arbitration is filed.
> (*9 U.S.C. § 4.*)

This Court has diversity jurisdiction over this matter. Plaintiff ATSI is a Minnesota corporation with a principal place of business in St. Cloud, Minnesota. (See Declaration of Goering, ¶16, filed under separate cover). LAP is an entity organized under the laws of Singapore with a principal place of business in Singapore. LAP consented to jurisdiction of U.S. Courts. (See Declaration of Goering, ¶16, filed under separate cover). As LAP is an alien, it may be sued in any U.S. District Court. *28 U.S.C. §1391(d)*. The amount in controversy exceeds $75,000.00.

The Federal Arbitration Act reflects a strong federal policy in favor of arbitration. Courts are required to "rigorously enforce agreements to arbitrate . . . ," *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985), and "any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

On motions to compel arbitration, Courts conduct a two-step inquiry. First, the Court determines whether a valid agreement to arbitrate exists between the parties. Second, the Court determines whether the dispute at issue falls within the scope of that agreement. *Bakas v. Ameriprise Financial Services, Inc.*, 2009 WL 2877974 at * 2 (D. Minn. 2009); *Airtel Wireless, LLC v. Montana Electronics Co., Inc.*, 393 F. Supp. 2d 777, 786 (D. Minn. 2005). As this Court has explained previously:

> Section 4 of the FAA requires a court to issue an order compelling arbitration when one party has failed or refused to arbitrate a controversy in accordance with his or her agreement to do so. The court's role in deciding whether to compel arbitration is limited to determining whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement.

*Filson v. Radio Advertising Marketing Plan, LLC*, 553 F. Supp. 2d 1074, 1084-85 (D. Minn. 2008).

Both elements are satisfied here. The parties' agreement to arbitrate is contained within the Agreement, which has governed the parties' business relationship since 2007. LAP has accepted the benefits of that Agreement for the past four years, and has never suggested that the Agreement is anything other than valid.

The arbitration clause extends to all claims "any dispute arising out of this Agreement and any Agreement ancillary thereto." (See Declaration of Goering, ¶16, filed under separate cover.) This clause is a classic example of a broad arbitration clause. *See Fleet Tire Serv. v. Oliver Rubber Co.,* 118 F.3d 619, 621 (8th Cir. 1997) (provision requiring "any controversy or claim arising out of or relating to this Agreement" to be

4

submitted to arbitration is the "paradigm of a broad clause" that requires the court to broadly construe the types of disputes that the parties agreed to arbitrate). Broadly-worded clauses such as this require arbitration of any dispute in which the "allegations underlying the claims 'touch matters' covered by the parties' . . . agreements . . . , whatever the legal labels attached to them." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.,* 815 F.2d 840, 846 (2d Cir. 1987).

## **CONCLUSION**

As demonstrated above, ATSI has established that the Federal Arbitration Act requires that LAP be compelled to submit to arbitration. It is respectfully requested that this Court issue an order compelling LAP to submit to arbitration.

                                                                                                           GRAY, PLANT, MOOTY,
                                                                                                           MOOTY & BENNETT, P.A.

                                                                                                         By    s/Kelly Hoversten
                                                                                                             Kelly Hoversten (#320419)
                                                                                                         500 IDS Center
                                                                                                         80 South Eighth Street
                                                                                                         Minneapolis, Minnesota 55402
                                                                                                         Telephone: (612) 632-3203
                                                                                                         Facsimile: (612) 632-4203
                                                                                                         Kelly.Hoversten@gpmlaw.com

                                                                                                         ATTORNEYS FOR PLAINTIFF
                                                                                                         ATS INTERNATIONAL, INC.

-AND-

RUMRELL & BROCK, P.A.
Lindsey C. Brock III
Fla Bar #971669
Deborah R. Reid
Fla Bar #0012871
9995 Gate Parkway North, Suite 190
Jacksonville, Florida 32246
(904) 996-1100
(904) 996-1120 (facsimile)

GP:3027312 v1