UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ATS INTERNATIONAL, INC.,     CASE NO.: 11-2207-MJD/LIB
a corporation,
    PLAINTIFF,
vs.

LAP DISTRIBUTION PTE LTD,
a foreign corporation,
    DEFENDANT.     /

PLAINTIFF ATS INTERNATIONAL, INC.'S ("ATSI"), LETTER BRIEF IN RESPONSE TO COURT'S ORDER OF NOVEMBER 1, 2011 (DOC. 18)[1]

<u>1. Section 16.0 of the agreement between the parties is a valid agreement to arbitrate under the FAA.</u> Section 16.0 states: "Any dispute arising out of this Agreement and any Agreement ancillary hereto, shall be determined by the Courts and/or Arbitration Board of the United States." ATSI maintains that the wording "and/or" does not create an ambiguity regarding the clause. "And/or" creates an optional provision whereby either party may invoke arbitration, and once invoked, both parties must comply. Minnesota Courts have construed "and/or" as an option term in a contract, stating that "it is possible to phrase a contract in the alternative, allowing the promisor to elect between two or more options." *Re-Solutions Inter., LLC, v. Heartland Fin. Grp.*, No. A09-1440, 2010 Minn. App. Unpub. LEXIS 265, *4 - *6 (Minn. App. March 30, 2010)(construing "and/or" as unambiguous and giving the term its plain ordinary meaning).

---

[1] LAP Distribution Pte Ltd. ("LAP") it has not appeared, has not disputed the allegations made against it, and is in default. The existence of a valid agreement to arbitrate should be determined in favor of ATS. Failure to unequivocally deny the agreement to arbitrate requires granting the motion to compel arbitration. *Freeman v. Complex Computing Co.*, 979 F. Supp. 257, 262 (S.D.N.Y. 1997).

Black's Law Dictionary, Fifth Ed., states, "When the expression 'and/or' is used, that word may be taken as will best effect the purpose of the parties as gathered from the contract taken as a whole, or, in other words, as will best accord the equity of the situation." (citation omitted) If there were no agreement to arbitrate, then the contract would not mention arbitration because the parties can always agree to arbitrate a dispute after the fact. That ATSI brought suit in a U.S. Court, to compel U.S. arbitration, is an example of both options. Nevertheless, if the Court believes the term is ambiguous, it may consider extrinsic evidence to determine the intent of the parties. Plaintiff has filed a motion seeking leave to submit a Supplemental Declaration of Joseph Goering to explain that the use of "and/or" in the agreement was discussed by the parties and was used to allow either party the unilateral ability invoke arbitration if it so chose. Once invoked, the other party would be bound by that choice.

Simply because ATS and LAP had the option to resolve their disputes either before a Court of the United States and/or an Arbitration Board of the United States does not make the provision to arbitrate unenforceable as an optional provision. *Cmty. Partners Designs, Inc. v. City of Lonsdale*, 697 N.W.2d 629, 633 (Minn. Ct. App. 2005)(language allowing either party to invoke arbitration does not create an ambiguity and does not allow a party to reject arbitration once that dispute resolution method is chosen.) Other Courts agree that optional arbitration clauses are enforceable:

> This Court finds defendants' contention that arbitration is purely optional to be unpersuasive. Although the parties provided that indemnification claims could be either litigated or arbitrated and used 'shall' to indicate the mandatory nature of certain provisions, this does not render the arbitration

2

> provision optional. Instead, **the proper interpretation is that the arbitration provision did not have to be invoked, but once raised by one party, it became mandatory with respect to the other party. A plain reading of the clause supports such an interpretation. If the clause were wholly optional, as defendants contend, it would serve no purpose. Parties can always submit disputes to arbitration if they both agree to do so, therefore, there would be no reason to include such a provision.** *See, e.g., Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 27 (2d Cir. 1988)(an 'interpretation of the contract . . . [that has] the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible.').

*Chiarella v. Vetta Sports*, 1994 U.S. Dist. LEXIS 14395, 10-11 (S.D.N.Y. Oct. 7, 1994)(emphasis added). In *Chiarella,* the contract allowed for either arbitration or litigation to resolve disputes. Simply because either party had the choice to litigate or arbitrate did not mean that the neither party could seek to compel arbitration. Optional arbitration clauses are enforceable by either party. *Brown v. City of Philadelphia*, 2010 U.S. Dist. LEXIS 119163, 14-15 (E.D. Pa. Nov. 9, 2010)(citing *Chiarella*); *Neal v. Nabors Drilling USA, LP*, 2011 U.S. Dist. LEXIS 90599 (W.D. La. Aug. 15, 2011) (enforcing optional provision for "mediation and/or arbitration"). The language in Section 16 is not the clearest, but simply because the parties could have used clearer language, does not mean the provision is ambiguous or unenforceable. "Although in retrospect agreement to alternative performances is imprecise and unwieldy, we permit parties to freely negotiate and voluntarily agree to contract terms, and we do not interfere in that process absent fraud, duress, or criminal conduct." *Re-Solutions, supra* at *6.

    2. The reference to an "Arbitration Board of the United States" merely means a U.S. empanelled arbitration. Plaintiff is unaware of an entity named the Arbitration

Board of the United States. The phrase "arbitration board" is defined as, "A panel of arbitrators appointed to hear and decide a dispute according to rules of arbitration." *Black's Law Dictionary*, Fifth Ed. That is the extent of the definition and that is the plain meaning in this Agreement. At least one other Court enforced arbitration where the reference in the agreement was simply to an "arbitration board." *Burlington N. & Santa Fe Ry. Co. v. Public Serv. Co.*, 636 F.3d 562, 565 (10th Cir. Okla. 2010). Merely because the term is capitalized does not create an ambiguity. *Wyner v. North Am. Specialty Ins. Co.*, 78 F.3d 752, 756 (1st Cir. Mass. 1996)(construing an insurance policy under Mass. law); *Regen Capital I, Inc. v. Halperin*, 2006 U.S. Dist. LEXIS 42577 (S.D.N.Y. June 21, 2006).

The generic reference to an undefined arbitration board does not create an ambiguity or make the agreement unenforceable. There is no requirement that the arbitration panel, rules or even the procedure be specifically stated in the agreement in order for it to be valid and enforceable.

> Under applicable law, this Court cannot find that lack of procedural or other rules renders the Agreement to Arbitrate fatally indefinite or vague. 'There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate.' *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 476, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989). While this Court would prefer a contract that specifies terms, including an arbitrator selection provision and a cost provision, 'parties are generally free to structure their arbitration agreements as they see fit . . . . [S]o too may they specify by contract the rules under which that arbitration will be conducted.' *Id.* at 479. The Agreement to Arbitrate is

> enforceable and valid despite the fact that it does not establish
> a specific set of applicable rules and procedures.

*McNeil v. Haley South, Inc.*, 2010 U.S. Dist. LEXIS 95658, 19-20 (E.D. Va. Sept. 13, 2010) (citations and footnotes omitted).

In the Supplemental Declaration of Joseph Goering that Plaintiff seeks leave to file, Mr. Goering explains that the intent of the parties with respect to this language was that any arbitration would be conducted in the United States. The use of capitalization was not meant to refer to any specific board or organization. Again, the language is not the clearest, but simply because the parties could have used clearer language, does not mean the provision is unenforceable. The reference to an arbitration board must be given its plain meaning, and that can only occur if the Court construes the language to mean that the parties' dispute should be referred to arbitration in the U.S., if one party so chooses.

Accordingly, ATSI requests the Court to grant its motion to compel arbitration, and requests an additional hearing if the Court so desires.

| GRAY, PLANT, MOOTY, | RUMRELL & BROCK, P.A. |
| --- | --- |
| MOOTY & BENNETT, P.A. | By___/s/ Lindsey C. Brock III____ |
| Kelly Hoversten (#320419) | Lindsey C. Brock III (PHV) |
| 500 IDS Center | Fla. Bar. # 971669 |
| 80 South Eighth Street | 9995 Gate Parkway, Ste. 190 |
| Minneapolis, Minnesota 55402 | Jacksonville, FL 32246 |
| Telephone: (612) 632-3203 | Telephone: (904)996-1100 |
| Facsimile: (612) 632-4203 | Facsimile: (904)996-1120 |
| Kelly.Hoversten@gpmlaw.com | Brock@RumrellLaw.com |

ATTORNEYS FOR PLAINTIFF, ATS INTERNATIONAL, INC.