UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ATS INTERNATIONAL, INC, | Civil No. 11-2207 (MJD/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LAP DISTRIBUTION PTE LTD, | |
| Defendant, | |

This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion to Confirm Arbitration Award. The motion has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. A hearing on the motion was held on May 8, 2012. For the reasons outlined below, the Court recommends that Plaintiff's motion be granted.

**I.    BACKGROUND**

Plaintiff ATS International, Inc. (ATSI) is a Minnesota corporation that has its principal place of business in St. Cloud, Minnesota. (Mem. of Law in Supp. of Pl.'s Mot. to Compel Arbitration [Docket No. 7] at 1). It is involved in international shipping of "over-dimensional, break bulk, heavy lift freight and project cargoes." (Id.) Defendant LAP Distribution PTE, Ltd. (LAP) is a foreign entity organized under the laws of Singapore and has its principal place of business in Singapore. (Id.)

The facts pertaining to the parties written agreement and the disputes that arose from the agreement, as well as the events leading up to the prior motion to compel arbitration, were fully

described by the Court's prior Report and Recommendation, (see Docket No. 23), and are incorporated herein by reference.

After the undersigned issued his report and recommendation that Plaintiff's motion to compel arbitration be granted and the Honorable Michael J. Davis adopted the undersigned's recommendation, consistent with the Court's directive, Plaintiff brought the matter to be arbitrated before retired judge Charles Flinn.

On February 2, 2012, retired judge Flinn "served notice on ATSI and LAP that [they] would meet to hear the controversy and determine an award." (Final Award [Docket No. 28] at 3). The notice informed Defendant of the time and place of the meeting and advised it "that its failure to appear would be a default in the proceedings." (Id.) LAP did not respond. (Id.) Then, on February 13, 2012,[1] "ATSI served via email and hand delivery a Statement of Claim outlining the matters it would present at the Arbitration hearing." (Id. at 4). LAP again failed to respond. (Id.) The arbitration hearing was held on February 20, 2012,[2] at which time "Plaintiff examined Joseph Goering and Allan Redding as Plaintiff's witnesses and introduced exhibits in respect of the Claim." (Id.) At the hearing, "Plaintiff's counsel addressed the law on damages, costs of arbitration and interest," and "made oral submissions accordingly on the measure of damages." (Id.)

On February 23, 2012, retired judge Flinn issued his arbitration decision awarding Plaintiff $4,428,767.00. (Id. at 16). Shortly thereafter, on March 9, 2012, Plaintiff filed the present motion to confirm the arbitration award. (See Docket No. 25).

---

[1] The arbitration award incorrectly states February 13, 2011.
[2] The arbitration award incorrectly states February 20, 2011.

## II.      PLAINTIFF'S MOTION TO CONFIRM THE ARBITRATION AWARD

The Federal Arbitration Act provides the ability for courts to confirm an arbitration award:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

In Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC., 319 F.3d. 1060, 1064 (8th Cir. 2003), the Eighth Circuit explained the limited standard of review for a motion to confirm an arbitration award:

> A court's review of an arbitration award is very limited. Where parties agree to arbitrate, a court cannot substitute a judicial determination for the arbitrator's decision. Courts may not review the merits of an arbitration award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract. Even if the court is convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, arbitration awards must be confirmed.

(internal citations and quotation marks omitted).

The Court will not "reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." United Paperworkers Int'l Union v. Misco, 484 U.S. 29, 36 (1987); Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, 284 F.3d 821, 824 (8th Cir. 2002) (quoting United Paperworkers). "Courts have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the

underlying contract."  Medicine Shoppe Int'l, Inc. v. Turner Inv., Inc., 614 F.3d 485, 488 (8th

Cir. 2010).

    "Our review of an arbitration award generally involves two inquiries: (1) Did the parties

agree to arbitrate? and (2) Did the arbitrator have the power to make the award that he made?"

Trailmobile Trailer, LLC v. Int'l Union of Elec., 223 F.3d 744, 746 (8th Cir. 2000).  In its prior

report and recommendation, the Court found that the parties agreed to arbitrate the following

claims: 1) Plaintiff's claim of profit sharing under the contract; 2) Defendants' alleged continued

use of Plaintiff's bills of lading; and 3) Defendants' alleged retention and use of Plaintiff's

intellectual property, including Plaintiff's trademarks.  (Report and Recommendation [Docket

No. 23] at 11-12).  Thus, the Court has already answered the first inquiry.

    With respect to the second inquiry, the Court does not believe that the arbitrator exceeded

his authority.  Retired judge Flinn concluded that: 1) Defendant breached the Agency

Agreement; 2) Defendant violated the Lanham Act; 3) Defendant engaged in trademark

counterfeiting; 4) Defendant engaged in unfair competition; and 5) Defendant tortuously

interfered with Plaintiff's contractual relations.  (Final Award [Docket No. 28, Ex. 1] at 8-12).

Because the claims decided by retired judge Flinn initially appeared to be broader than those

presented in the motion to compel arbitration, and the amount of the award was significant, at the

hearing held on May 8, 2012 regarding the motion to confirm the arbitration award, the Court

made a further inquiry on the claims that were submitted to arbitration to ensure that all claims

were subject to arbitration.  Plaintiff confirmed that all of the claims arbitrated by Judge Flinn

arise out of the agreement and are, therefore, within the scope of the arbitration provision.

    As the Court found in the prior report and recommendation, the arbitration provision was

quite broad and governed "[a]ny dispute arising out of [the] Agreement and any Agreement

ancillary [t]hereto." (Report and Recommendation [Docket No. 23] at 11) (quoting the

Agreement). Plaintiff represented that all of the claims arbitrated by retired Judge Flinn arose

from the Agreement between the parties and the record of the claims arbitrated merely presents a

more detailed presentation of the claims originally asserted by Plaintiff in the motion to compel

arbitration. Defendants, having not appeared, have made no representations to the contrary. The

Court is satisfied on the record before it that all of the claims arbitrated by retired judge Flinn

arose from the agreement between the parties. Arbitration clauses must be construed liberally

and any doubts must be resolved in favor of arbitration. 3M Co. v. Amtex Sec., Inc., 542 F.3d

1193, 1199 (8th Cir. 2008).

"The scope of an arbitrator's authority is defined by the agreement providing for the

arbitration." Wakeman v. Aqua2 Acquisition, Inc., No. 10-4538 (MJD/JJK), 2011 WL 666028,

at *4 (D. Minn. Feb. 14, 2011) (quoting Prime Therapeutics LLC v. Omnicare, Inc., 555 F.

Supp.2d 993, 999 (D. Minn. 2008)). Because it appears that retired judge Flinn's award was

based on the claims which arose under the parties' agreement, and were thus subject to

arbitration, the Court finds no evidence that judge Flinn exceeded his authority in any way.

"Normally, confirmation of an arbitration award is a summary proceeding that merely

makes what is already a final arbitration award a judgment of the court, and the court must grant

the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., Inc. v.

Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted); see also Riccard

v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002) ("a court's confirmation of an

arbitration award is usually routine or summary."). "This Court's review of an arbitration award

is very limited and the arbitrator's decision is entitled to 'an extraordinary level of deference.'"

Lindquist & Vennum, P.L.L.P. v. Lousiana Elastomer, LLC, No. 10-4886 (DWF/SER), 2011

WL 2912693, at *6 (D. Minn. Jul. 19, 2011) (quoting Stark v. Sandberg, Phoenix & von

Gontard, 381 F.3d 793, 798 (8th Cir. 2004)).

In Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576, 587 (2008), the United

States Supreme Court explained that "judicial confirmation carries no hint of flexibility":

> On application for an order confirming the arbitration award, the court "must
> grant" the order "unless the award is vacated, modified, or corrected as prescribed
> in sections 10 and 11 of this title." There is nothing malleable about "must grant,"
> which unequivocally tells courts to grant confirmation in all cases, except when
> one of the "prescribed" exceptions applies.

"Congress did not authorize de novo review of such an award on its merits; it

commanded that when the exceptions do not apply, a federal court has no choice but to confirm."

UHC Mgmt. Co., Inc. v. Computer Scis. Corp., 148 F.3d 992, 997 (8th Cir. 1998); Precision

Press, Inc. v. MLP U.S.A., Inc., 2011 WL 1807396, at *10 (N.D. Ia. May 11, 2011) (explaining

that when none of the exceptions apply, "confirmation of the arbitration award is required").

The only limited grounds upon which a Court may vacate an arbitration award (upon the

application of any party to the arbitration) are:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was
> evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators
> were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown,
> or in refusing to hear evidence pertinent and material to the controversy; or of any other
> misbehavior by which the rights of any party have been prejudiced; or (4) where the
> arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and
> definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.[3]  "The burden is on the party requesting vacatur of the award to prove one of these

four bases."  Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002).  Because

Defendant has not appeared in this case, despite receiving notices throughout the proceedings, it

---

[3] Prior to the United States Supreme Court's decision in Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008),
the Eighth Circuit recognized several judicially created grounds such as when the award is "completely irrational or
evidences a manifest disregard for the law." Hoffman v. Cargill Inc., 236 F.3d 458, 461 (8th Cir. 2001). Hall,
however, "eliminated judicially created vacatur standards under the FAA, including manifest disregard for the law."
Air Line Pilots Ass'n Int'l v. Trans States Airlines, LLC, 638 F.3d 572, 578 (8th Cir. 2011).

has not asserted that any of the bases in § 10 apply here.  The Court has reviewed the arbitration

award and finds no evidence that any basis under § 10 exists to vacate the award.

Similarly, upon the application of any party to the arbitration, a court may modify an

arbitration award only limited grounds:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award. (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted. (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Having reviewed the record of the proceedings, the Court does not believe that any

modification of the award is necessary.

Because it does not appear that any of the bases for vacating or modifying the award

exist, the Court "has no choice but to confirm" the arbitration award.  UHC Mgmt. Co., 148 F.3d

at 997.  Additionally, Defendant's absence from the arbitration proceeding does not preclude the

Court from confirming the award.  A court may confirm an arbitration award "even though one

party did not participate in the arbitration" where "that party is given notice of the hearing and an

opportunity to have it postponed."  Hugs & Kisses, Inc. v. Aguirre, 220 F.3d 890, 893 (8th Cir.

2000).

For the reasons stated above, the Court finds that the arbitration award made by retired

judge Charles Flinn must be confirmed.

**III. CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein,

 **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Confirm Arbitration

Award [Docket No. 25] be **GRANTED** and that judgment be entered accordingly.


Dated: June 26, 2012                    s/Leo I. Brisbois
                                        LEO I. BRISBOIS
                                        United States Magistrate Judge


**N O T I C E**

 Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July 10, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.